## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

BURBRAN PIERRE, on behalf of himself and others similarly situated,

                Plaintiff,

        v.

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, TD BANK N.A., DUANE READE INC., B & H PHOTO VIDEO PRO AUDIO LLC, BLOOMBERG L.P., WHOLE FOODS MARKET GROUP, INC., TRIHOP 14TH STREET LLC, and DOES NOS. 1-10,

                Defendants.

No.: 1:20-cv-05116-ALC-DCF

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.      THE VENDORS MISSTATE THE LAW ......................................................... 2

II.     PLAINTIFF HAS MADE THE REQUISITE SHOWING THAT HE AND THE
        MEMBERS OF THE FLSA COLLECTIVE ARE SIMILARLY SITUATED ................ 4

III.    PLAINTIFF HAS SUFFICIENTLY ESTABLISHED THE EXISTENCE OF A
        COMMON POLICY OR PRACTICE THAT VIOLATES THE FLSA ........................... 7

IV.     THE COURT NEED NOT ASSESS JOINT EMPLOYER LIABILITY ........................ 11

V.      EQUITABLE TOLLING IS WARRANTED AND APPROPRIATE ............................ 12

VI.     THE PROPOSED NOTICES AND METHODS OF NOTICE ARE
        APPROPRIATE ................................................................................................. 14

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Barfield v. N.Y.C. Health and Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008).............................................................................9

*Barrus v. Dick's Sporting Goods, Inc.*,
    465 F. Supp. 2d 224 (W.D.N.Y. 2006) .......................................................10

*Belizaire v. RAV Investigative & Sec. Servs. Ltd.*,
    61 F. Supp. 3d 336 (S.D.N.Y. 2014)............................................................9

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
    No. 12-cv-5565(PKC)(RER), 2018 WL 1513628 (E.D.N.Y. Mar. 29, 2018)..........................9

*Conzo v. City of N.Y.*,
    667 F. Supp. 2d 279 (S.D.N.Y. 2009)..........................................................8

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819(GEL),
    2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ................................................7

*Fernandez v. HR Parking Inc.*,
    407 F. Supp. 3d 445 (S.D.N.Y. 2019)........................................................11

*Flood v. Carlson Rests. Inc.*,
    No.14 Civ. 2740(AT), 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015)..........................5

*Fonseca v. Dircksen & Talleyrand Inc.*,
    No. 13 Civ. 5124(AT), 2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014)..............................3, 10

*Fu v. Mee May Corp.*,
    No. 15 Civ. 4549(KPF), 2016 WL 1588132 (S.D.N.Y. Apr. 20, 2016)..............................5, 6

*Hart v. Crab Addison, Inc.*,
    No. 13-CV-6458(CJS), 2015 WL 365785 (W.D.N.Y. Jan. 27, 2015)......................5

*Herman v. RSR Sec. Servs. Ltd.*,
    172 F.3d 132 (2d Cir. 1999)........................................................................9

*Hernandez v. Bare Burger Dio Inc.*,
    No. 12 Civ. 7794(RWS), 2013 WL 3199292 (S.D.N.Y. June 25, 2013) ............................4, 5

*Hernandez v. City of N.Y.*,
    No. 16-cv-3445(RA), 2017 WL 2829816 (S.D.N.Y. June 29, 2017)......................15

*Hernandez v. Fresh Diet, Inc.*,
    No. 12-cv-4339(ALC)(JLC), 2014 WL 5039431 (S.D.N.Y. Sept. 29, 2014) ......................12

*Holick v. Cellular Sales of N.Y., LLC*,
  No. 1:12-CV-584(NAM)(DJS), 2019 WL 1877176 (N.D.N.Y. Apr. 26, 2019) ...................11

*Jackson v. N.Y. Tel. Co.*,
  163 F.R.D. 429 (S.D.N.Y. 1995) .............................................................................................3

*Kassman v. KPMG LLP*,
  No. 11 Civ. 03743(LGS), 2015 WL 5178400 (S.D.N.Y. Sept. 4, 2015).........................13, 14

*Korenblum v. Citigroup, Inc.*,
  195 F. Supp. 3d 475 (S.D.N.Y. 2016).....................................................................................12

*Lubas v. JLS Grp., Inc.*,
  No. 18-cv-6611(KAM)(SJB), 2020 WL 4210754 (E.D.N.Y. July 22, 2020) .........................6

*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007)...............................................................................3, 4, 6

*Millin v. Brooklyn Born Chocolate, LLC*,
  No. 19-CV-3346(ENV)(RER), 2020 WL 2198125 (E.D.N.Y. May 6, 2020).........................7

*Murray v. City of N.Y.*,
  No. 16-cv-8072(PKC), 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) .................................5, 6

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)..................................................................................................2, 3

*Ornrat Keawsri v. Ramen-Ya Inc.*,
  No. 17-CV-2406(VEC), 2018 WL 279756 (S.D.N.Y. Jan. 2, 2018)....................................10

*Rogers v. City of Troy, N.Y.*,
  148 F.3d 52 (2d Cir. 1998).......................................................................................................8

*Sanchez v. JMP Ventures, L.L.C.*,
  No. 13 Civ. 7264(KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) .................................5, 6

*Scott v. Chipotle Mexican Grill, Inc.*,
  954 F.3d 502 (2d Cir. 2020)....................................................................................................11

*Shajan v. Barolo, Ltd.*,
  No. 10 Civ. 1385(CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010)................................7, 14

*U.S. v. Klinghoffer Bros. Realty Corp.*,
  285 F.2d 487 (2d Cir. 1960).....................................................................................................8

*Urresta v. MBJ Cafeteria Corp.*,
  No. 10 Civ. 8277, 2011 WL 4962969 (S.D.N.Y. Oct. 18, 2011) ...........................................12

*Vasto v. Credico (USA) LLC*,
  No. 15 Civ. 9298(PAE), 2017 WL 4877424 (S.D.N.Y. Oct. 27, 2017) ................................12

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011)..........................................................................................12

*Yahraes v. Rest. Assocs. Events Corp.,*
    No. 10-CV-935(SLT), 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ........................................13

*Zerilli-Edelglass v. N.Y.C. Transit Auth.,*
    333 F.3d 74 (2d Cir. 2003)..........................................................................................13

*Zhirzhan v. AGL Indus., Inc.,*
    No. 14-cv-7567(JBW)(VVP), 2015 WL 13742429 (E.D.N.Y. Sept. 15, 2015).....................15

**Other Authorities**

29 C.F.R. § 778.106 ..............................................................................................9

iv

Plaintiff Burbran Pierre ("Plaintiff"), by and through his undersigned counsel, Faruqi & Faruqi, LLP, hereby submits this reply memorandum of law in further support of his motion for conditional certification of a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), equitable tolling of the statute of limitations, Court-facilitated notice to similarly situated persons, and expedited disclosure of contact information.

## PRELIMINARY STATEMENT

At the parties' November 3, 2021 conference with the Court, counsel for the Vendors suggested that recent case law had changed the standard of review on a motion for conditional certification.  However, it is clear from their opposition that the Vendors misled the Court.  The law has not changed.  The Vendors try to obfuscate this reality by baldly asserting that heightened standards apply without citation to authority, or by masquerading decertification, Rule 23 class certification, and summary judgment decisions as applying to first-step conditional certification.

Conditional certification is warranted upon a minimal showing that Plaintiff and the members of the FLSA Collective are similarly situated.  Plaintiff has far exceeded his very low burden by submitting his own declaration, the declarations of 16 other Officers, and documents concerning the Paid Detail Program ("PDP").  Plaintiff also submits records—both from himself and other Officers—reflecting, *inter alia*, the work they performed, as well as the dates and amounts of payments by the Vendors.  This evidence shows that Plaintiff and the members of the FLSA Collective are similarly situated and subject to a clear, common policy and practice of late payment and non-payment for work Officers perform through the PDP.

The Vendors tirelessly argue that the Court should assess this evidence in ways that are indisputably improper at the notice stage.  Indeed, they ask the Court to assess the credibility of the Officers' declarations, weigh competing evidence, and consider dispositive issues, such as the Vendors' status as joint employers and the validity of Plaintiff's claims themselves.  As the Court

1

is aware, merits inquiries, liability findings, and credibility determinations are improper on a motion for conditional certification as a matter of well-settled law. Moreover, the Vendors already made these same arguments in connection with their unsuccessful motion to dismiss.

Plaintiff also seeks equitable tolling of the statute of limitations for potential opt-in plaintiffs. Notably, the City consents to this request, as well as to conditional certification itself. The Vendors oppose equitable tolling based on a misguided or disingenuous interpretation of the law, attempting to direct the Court away from the facts that matter. Plaintiff has diligently pursued his claims and is not at fault for any delay between his filing of this action and the anticipated close of the notice period. Moreover, the members of the FLSA Collective have not been provided notice of this action and an opportunity to join, further supporting equitable tolling.

Finally, the Vendors ask the Court to revise Plaintiff's proposed notices of pendency to include language transparently designed to stifle Officers' participation. This, of course, is inappropriate and contravenes the purpose the FLSA's collective action mechanism.

## **ARGUMENT**

### I.    **THE VENDORS MISSTATE THE LAW**

To conditionally certify a collective action under the FLSA, Plaintiff must make only a "modest factual showing" that he and the other similarly situated individuals to whom he seeks dissemination of notice (the "FLSA Collective" or "Officers") were subjected to Defendants' common unlawful policies and practices. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted). Plaintiff has easily satisfied this requirement.

The City[1] consents to conditional certification. *See* ECF No. 125 at 1. While the Vendors[2] oppose conditional certification, they do so based on incorrect—or perhaps disingenuous—

---

[1] The "City" refers to Defendants the City of New York and New York City Police Department.
[2] The "Vendors" refers to Defendants TD Bank N.A., Duane Reade Inc. ("Duane Reade"), B & H Photo Video Pro Audio LLC, and Bloomberg L.P.

statements of the applicable standards.  Specifically, the Vendors claim, "Courts have held time and again that the 'similarly situated' analysis requires them to evaluate *any* questions with respect to liability, including whether a pertinent element or issue (such as joint employment) can be satisfied through common evidence across an entire putative collective."  ECF No. 126 ("Defs. Br.") at 2 (emphasis in original).  Tellingly, nowhere in their opposition do the Vendors identify any of the courts who have "time and again" reached this purported holding.  *See generally id.*  In any event, the Vendors are wrong, two-fold.

First, it is not the Court's mandate to evaluate "any" questions with respect to liability.  In fact, the opposite is true.  Courts have uniformly held that, on a motion for conditional certification, merits inquiries are improper and should be deferred until a motion for decertification after the close of discovery.  *See Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124(AT), 2014 WL 1487279, at *3 (S.D.N.Y. Apr. 11, 2014) ("[M]erits based arguments are premature . . . and must wait for summary judgment and/or trial.").

Second, Plaintiff need not establish "common evidence across the putative collective." Defs. Br. at 2.  Unlike on a decertification or Federal Rule of Civil Procedure 23 ("Rule 23") motion, "[t]he burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage" of a collective action.  *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *see also Jackson v. N.Y. Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("[P]laintiffs need merely provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist. . . .  Th[is] inquiry . . . is less stringent than the ultimate determination that the class is properly constituted.") (internal quotation marks omitted).  While Plaintiff must make a modest showing that he and the members of the FLSA Collective were "victims of a common policy or plan that violated the law" (*Myers*, 624 F.3d at 555 (internal quotation marks omitted)), he need not establish this through common evidence across the FLSA

Collective.  Only a "modest factual showing" (*id.* (internal quotation marks omitted)) is required, a standard which may be satisfied based on the pleadings alone and is routinely granted based off of a single declaration.  *See Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794(RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.").

## II.  PLAINTIFF HAS MADE THE REQUISITE SHOWING THAT HE AND THE MEMBERS OF THE FLSA COLLECTIVE ARE SIMILARLY SITUATED

The Vendors claim that the declarations submitted by Plaintiff (*see* ECF Nos. 103-17) are insufficient to carry Plaintiff's minimal burden to obtain conditional certification.  The Vendors are wrong, and their arguments variously misstate the law and mischaracterize the evidence.

As noted above, Plaintiff's burden is "very low at the notice stage."  *Lynch*, 491 F. Supp. 2d at 368.  In support of the instant motion, Plaintiff has submitted the Complaint, his own declaration, and the declarations of 16 other Officers who form part of the FLSA Collective and have already opted into this action. *See* ECF Nos. 103-17.  Further, Plaintiff and several of the 16 other declarants have submitted considerable documentary evidence reflecting the non-payment and/or late payment of their wages by Defendants, including: (1) various guidelines and agreements concerning the PDP; (2) records of PDP assignments; and (3) invoices, checks, paystubs, and other records showing the amounts and timing of the Vendors' payments.  *See* ECF Nos. 103-09.  Moreover, the declarants have collectively performed PDP work for all of the Vendors, and some have even worked for each of the four Vendors themselves.  *See id.*  Plaintiff has undoubtedly carried his burden.

The Vendors take the position that the declarations are insufficient because they purportedly account for too small a proportion of the FLSA Collective, claiming that 17 declarations are not enough to satisfy Plaintiff's "very low" burden (*Lynch*, 491 F. Supp. 2d at

4

368) because the FLSA Collective comprises approximately 3,700 Officers.  *See* Defs. Br. at 12-13.  Tellingly, the Vendors fail to cite a single authority for this proposition.  *See id.*  This is unsurprising, as there is no requirement that Plaintiff submit declarations for a threshold proportion of the FLSA Collective.  On the contrary, courts in the Second Circuit "have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."  *Hernandez v. Bare Burger*, 2013 WL 3199292, at *3.

There is no heightened standard for large collectives, either.  *See* Defs. Br. at 12-13.  In fact, courts have conditionally certified collectives far larger (and spanning far greater geographic areas) than the one proposed here, and done so based on evidence from just a few members thereof.  *See, e.g.*, *Hart v. Crab Addison, Inc.*, No. 13-CV-6458(CJS), 2015 WL 365785, at *1-3 (W.D.N.Y. Jan. 27, 2015) (conditionally certifying collective of 30,000 employees across 136 restaurants based on affidavits from 21 employees, or 0.007% of the collective); *Flood v. Carlson Rests. Inc.*, No.14 Civ. 2740(AT), 2015 WL 260436, at *1-5 (S.D.N.Y. Jan. 20, 2015) (conditionally certifying collective of 42,000 employees across 920 restaurants based on declarations from six employees, or 0.001% of the collective).  Analyzing conditional certification—*i.e.*, pre-discovery and before notifying the putative collective of the action—based on the number of collective members who submitted evidence would be nonsensical.

Further, the Vendors argue that the declarations contain insufficient detail concerning conversations with other Officers about the non-payment and late payment of wages.  *See* Defs. Br. at 13-14.  However, the Vendors base their argument on case law concerning motions where the only supporting evidence was the plaintiffs' own declarations or affidavits.  *See id.*; *Murray v. City of N.Y.*, No. 16-cv-8072(PKC), 2017 WL 3531552, at *5 (S.D.N.Y. Aug. 16, 2017) (declarations by plaintiffs only); *Fu v. Mee May Corp.*, No. 15 Civ. 4549(KPF), 2016 WL 1588132, at *4-5 (S.D.N.Y. Apr. 20, 2016) (same); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ.

7264(KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (single declaration by plaintiff).

Where courts have several declarations, as is the case here, less detail as to observations or conversations with others similarly situated is required:

> [Defendants] point to the fact that Plaintiffs' declarations contain only generalized statements which lack detail and actual evidence sufficient to demonstrate that potential opt-in plaintiffs are 'similarly situated.' However, where there are declarations from multiple plaintiffs, with each plaintiff corroborating or supporting each other's statements, even if somewhat thin on details, such proof is sufficient to meet the low factual threshold for FLSA collective certification.

*Lubas v. JLS Grp., Inc.*, No. 18-cv-6611(KAM)(SJB), 2020 WL 4210754, at *7 (E.D.N.Y. July 22, 2020) (citation omitted).

Either way, the 17 declarations provide the precise details the *Fu* court said were needed: "wages, hours, and policies . . . job titles and/or duties[.]" 2016 WL 1588132, at *3; *see also* ECF Nos. 103-17. Notably, the *Fu* court also wrote that, had plaintiffs provided these details or declarations from others similarly situated, this "might have sufficed." *Id.* at *4 n.4. In other words, even if we assume Plaintiff offered just his own declaration, he provides more than sufficient detail to warrant conditional certification. Of course, Plaintiff has provided both the requisite detail and declarations from not one but 16 other Officers attesting to exactly how they are each similarly situated to Plaintiff. Unlike in *Murray*, *Fu*, and *Sanchez*, the Court need not rely solely on Plaintiff's attestations as to conversations with other Officers, as it has sworn testimony from 16 other Officers themselves (along with documentary evidence).

The Vendors also claim that the attestations of Plaintiff and 16 other Officers are "false," citing to declarations from the Vendors' employees as evidence of their alleged falsity. However, again, credibility determinations are inappropriate. *See, e.g.*, *Lynch*, 491 F. Supp. 2d at 368-69 ("At this procedural stage, the court does not resolve factual disputes . . . or make credibility

determinations").[3]  This is especially true for the competing declarations submitted by the Vendors (*see* ECF No. 127), often maligned by courts as so-called "happy camper" declarations.  *See, e.g.*, *Millin v. Brooklyn Born Chocolate, LLC*, No. 19-CV-3346(ENV)(RER), 2020 WL 2198125, at *2 (E.D.N.Y. May 6, 2020) ("[M]erits-based arguments [ ] are inappropriately adjudicated on a motion for *conditional* certification. . . . Defendants' reliance on the 'happy camper' declaration of Hugo Guinea is [ ] misplaced.") (emphasis in original).

In short, the 17 declarations—each of which details, *inter alia*, particular hours worked, particular payments made late or not at all, and Defendants' policies—and the documentary evidence submitted therewith are far more than sufficient at the conditional certification stage.

## III.    PLAINTIFF HAS SUFFICIENTLY ESTABLISHED THE EXISTENCE OF A COMMON POLICY OR PRACTICE THAT VIOLATES THE FLSA

Plaintiff has made the requisite "modest factual showing" that he and the FLSA Collective have been subject to a common policy or practice that violates the FLSA.  Specifically, Defendants engage in a common policy and practice of paying Officers' wages late or not at all for work performed under the PDP.  The Vendors claim that Plaintiff has failed to establish an unlawful common policy; however, consistent with the rest of their opposition, their arguments mischaracterize the evidence and pervert the applicable legal standards.  *See* Defs. Br. at 23-28.

First, the Vendors claim that Plaintiff has not sufficiently established a regularly scheduled pay day to support his late payment claims, and that the FLSA does not impose a payment deadline, either.  As a threshold issue, the Vendors' argument plainly goes to the merits of Plaintiff's claims, which is inappropriate on a motion for conditional certification.  *See Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385(CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is

---

[3] Duane Reade, in particular, should be well aware that competing evidence from a defendant is irrelevant to the Court's analysis.  *See Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819(GEL), 2006 WL 2853971, at *5 (S.D.N.Y. Oct. 5, 2006) ("[A]ttacks on plaintiffs' affidavits and other evidence" are premature at the notice stage).

absolutely inappropriate."). Regardless, the Vendors misunderstand the law. "[C]ourts have long interpreted the [FLSA] to include a prompt payment requirement." *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998). Here, Plaintiff and the 16 other declarants attest that their wages are due every other Friday. *See* ECF Nos. 103-17. This is supported by each of the 17 declarations, which is more than sufficient. *See id.*

The Vendors argue that the notation in the PDP-related documents stating that payment will be made approximately six to eight weeks after work was performed absolves them of any liability. *See* Defs. Br. at 9. This again requires an impermissible merits inquiry. *See supra* § I. In any event, the Vendors are wrong. "The Second Circuit has stated that 'what constitutes timely payment must be determined by objective standards—and not solely by reference to the parties' contractual arrangements.'" *Conzo v. City of N.Y.*, 667 F. Supp. 2d 279, 288 (S.D.N.Y. 2009) (quoting *Rogers*, 148 F.3d at 57); *see also U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960) (agreement with employees to pay them as soon as practical in light of bankruptcy proceedings "does not meet the requirements of [the FLSA]").

Regardless, even if payment were considered late under the FLSA only if made after six to eight weeks (which it is not), the Vendors themselves acknowledge that declarations submitted by Plaintiff "show payments received . . . ten, eleven, or thirteen weeks after a shift." Defs. Br. at 9. The Vendors point out that not every declarant's late payment claims are backed by documentary evidence (*see id.* at 10); however, this is of no moment. Again, the Vendors attempt to heighten Plaintiff's burden, ludicrously demanding complete documentation before discovery has begun.

Even if one further assumes *arguendo* that no regularly scheduled pay day had been established, the Vendors' argument still fails because they are wrong that "the FLSA has no specific requirement as to when an employer must pay minimum wages." Defs. Br. at 23. Specifically: "Payment may not be delayed for a period longer than is reasonably necessary for the

employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made." 29 C.F.R. § 778.106.  Here, Plaintiff has submitted evidence that his hours are logged immediately after each PDP shift, thus providing Defendants the information they need to "compute and arrange for payment of the amount due[.]"  *Id.*; ECF Nos. 103-17.  If payment is made eight weeks after an Officer's PDP shift, this means that approximately three two-week pay periods lapse between when Defendants could make payment and when they actually do.  Thus, payment is delayed far "beyond the next payday after such computation can be made" (29 C.F.R. § 778.106), thus establishing a violation of the FLSA.

Further, the Vendors argue that Plaintiff has failed to provide evidence showing that they did not make payment "as soon as practicable."  As noted above, the FLSA does, in fact, dictate that it is presumptively unreasonable to pay an employee later than the pay period after that in which the work was performed.  *See id.*  Moreover, "[c]ourts in this Circuit and elsewhere have held that two weeks is an unreasonable amount of time for an employer to delay a paycheck." *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-cv-5565(PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) (collecting cases); *see also Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 360 n.21 (S.D.N.Y. 2014) (finding "paychecks delayed for more than two weeks to be objectively late within the meaning of the FLSA").  While the Vendors may pursue an affirmative defense that they "acted in subjective good faith with objectively reasonable grounds for believing that [they] did not violate the FLSA" (*Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008)), "[t]he employer bears the burden of proving good faith and reasonableness[.]"  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).  Plaintiff need not proactively submit evidence refuting this affirmative defense (or any other).

9

The Vendors also argue that, because Officers were paid late by varying degrees (*e.g.*, after eight weeks vs. after 13 weeks), Plaintiff has somehow fallen short of establishing a common policy. *See* Defs. Br. at 24. The Vendors again woefully misunderstand the law. Plaintiff need not show that payments were late by the same amount of time to establish a common policy; the common policy is late and non-payment of wages for PDP work. *See Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) (granting conditional certification because "[t]he policy, plan or practice at issue . . . is whether defendants condoned, accepted or encouraged managers and employees to illegally reduce compensation for time spent working" irrespective of discrepancies in the manner in which work time was reduced and by what amounts).

The Vendors also dispute the validity of Plaintiff's minimum wage and late payment claims because Plaintiff has purportedly failed to submit evidence that he and other Officers were denied minimum wages or worked overtime. *See* Defs. Br. at 26-28. Once again, it must be stressed that "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial." *Fonseca*, 2014 WL 1487279, at *3. "At this first stage, therefore, courts do not examine 'whether there has been an actual violation of law[.]'" *Ornrat Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406(VEC), 2018 WL 279756, at *5 (S.D.N.Y. Jan. 2, 2018) (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). In any event, the Officers clearly attest to being denied wages for full weeks of work, thus supporting their minimum wage claims. *See* ECF Nos. 103-17. Further, the PDP Guidelines attached to Plaintiff's declaration state that, to qualify for the PDP, Officers must be "on full duty." *See* ECF No. 103-1 at 1. Given that Officers have provided evidence that they often worked several PDP shifts per week (*see, e.g.*, ECF Nos. 103-5, 104-1, 105-1, 106-1, 109-1), it is clear that they worked overtime. It should go without saying that Plaintiff need not prove this for every pay period (*see* Defs. Br. at 27), as the fact that an Officer does not work overtime in certain weeks goes to damages, not liability—and

further because the standard for first-step, pre-discovery conditional certification does not impose nearly such a high burden of proof.

While the lion's share of their opposition is a thinly veiled attempt to relitigate their motion to dismiss, the Vendors lay bare their intent with this argument.  The Vendors already moved to dismiss Plaintiff's claims, and their motion was denied.  *See* ECF No. 72.  As with their argument that they are not joint employers (*see infra* § IV), the Vendors do not get a second bite at the apple.

## IV.   <u>THE COURT NEED NOT ASSESS JOINT EMPLOYER LIABILITY</u>

The Vendors oppose conditional certification because they purportedly did not jointly employ Plaintiff and the FLSA Collective.  *See* Defs. Br. at 15-23.  Characteristically, they deliberately misstate the law to advance this frivolous argument.

At the parties' November 3, 2021 conference, the Court questioned whether inquiries into matters such joint employment or other dispositive issues were appropriate at this stage.  *See* Omnibus Declaration of Innessa M. Huot ("Huot Decl."), Exhibit B at 8:19-11:17.  During an off-the-record discussion, the Vendors' counsel teased a new decision, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020), that they claimed changed the law.  *See* Huot Decl. ¶¶ 16-20.  However, *Scott* is a decertification decision and—even under that heightened standard—the Second Circuit reversed decertification, as the lower court had applied too stringent a standard.  *See* 954 F.3d at 520-22.

Apparently recognizing this, the Vendors abandoned *Scott*, but still pursue the same strategy: falsely portraying decertification and Rule 23 class certification (and other procedurally inapposite) decisions as applicable.  Indeed, they rely heavily on such authorities to argue that a joint employer inquiry is proper.  *See* Defs. Br. at 15-23; *Fernandez v. HR Parking Inc.*, 407 F. Supp. 3d 445, 461-62 (S.D.N.Y. 2019) (decertification); *Holick v. Cellular Sales of N.Y., LLC*, No. 1:12-CV-584(NAM)(DJS), 2019 WL 1877176, at *1 (N.D.N.Y. Apr. 26, 2019) (decertification

11

and Rule 23 class certification); *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298(PAE), 2017 WL 4877424, at *1 (S.D.N.Y. Oct. 27, 2017) (summary judgment); *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016) (conditional certification filed after significant discovery, thus warranting heightened standard); *Hernandez v. Fresh Diet, Inc.*, No. 12-cv-4339(ALC)(JLC), 2014 WL 5039431, at *4 (S.D.N.Y. Sept. 29, 2014) (decertification); *Urresta v. MBJ Cafeteria Corp.*, No. 10 Civ. 8277, 2011 WL 4962969, at *1 (S.D.N.Y. Oct. 18, 2011) (motion to dismiss); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (Rule 23 class certification).

In short, the Vendors' status as joint employers is not a "threshold liability question," as they repeatedly assert (without citation to authority). *See* Defs. Br. at 2, 23. The law could not be any clearer that analyzing joint employer liability is improper at this stage. *See* ECF No. 101 at 17-18 (Plaintiff's moving brief, which collects decisions holding that inquiries as to joint employer status—and employer status, generally—are improper on conditional certification).

This is especially true here, where the Vendors advanced this same argument on a motion to dismiss and failed. *See* ECF No. 72. Since then, no discovery has been exchanged and, thus, no facts have changed. The Vendors may renew their joint employer argument after discovery; however, this issue has already been decided and the argument is inappropriate at this stage. Should the Court be inclined to conduct a joint employer analysis, Plaintiff respectfully refers the Court to briefing of this same issue before Judge Carter. *See* ECF Nos. 60-67.

## V.   **EQUITABLE TOLLING IS WARRANTED AND APPROPRIATE**

As noted in his moving brief, Plaintiff respectfully requests that the Court order equitable tolling of the statute of limitations for all members of the FLSA Collective who have not yet opted into this action. Notably, the City consents to this request. *See* ECF No. 125 at 1.

For several reasons, the Court should grant this request. First, to preserve the rights of all members of the FLSA Collective who may not yet be aware of this action. Indeed, "[c]ourts

routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs[.]" *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935(SLT), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011).  This alone warrants equitable tolling.

The Vendors argue that equitable tolling is inappropriate (*see* Defs. Br. at 28-29), relying on the test articulated by the Second Circuit for individual plaintiffs—as opposed to potential opt-in plaintiffs who do not know about this action—which assesses whether a plaintiff "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted).  However, "[t]he Second Circuit seems not to have addressed equitable tolling in a FLSA collective action[.]" *Kassman v. KPMG LLP*, No. 11 Civ. 03743(LGS), 2015 WL 5178400, at *4 (S.D.N.Y. Sept. 4, 2015).

Courts have applied this standard differently in collective actions "to assess opt-in plaintiffs' knowledge of the facts giving rise to their claims—'whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action, and despite all due diligence he was unable to obtain vital information bearing on the existence of his claim.'" *Id.* at *6 (quoting *Lanzetta v. Florio's Enters., Inc.,* 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011)).

*Kassman* is instructive.  There, nearly four years passed from the filing of the action to the close of the notice period due in part to the defendants' insistence on motion practice to dispose of the claims—including filing a motion to dismiss and opposing motions for equitable tolling and conditional certification—and not any delay by the plaintiff or opt-in plaintiffs.  *Kassman*, 2015 WL 5178400, at *4-7.  As a result, the court equitably tolled the statute of limitations.  *Id.* at *8.

While not quite as long a delay as in *Kassman*, the time between Plaintiff's initial filing on July 3, 2020 (*see* ECF No. 1) and the close of the notice period will likely span two years.  The

13

cause for this delay falls squarely on the Vendors: they pursued an unsuccessful motion to dismiss, and now oppose conditional certification and equitable tolling based on shaky (at best) legal footing. *See supra* § IV. Further, Plaintiff has not delayed this litigation in any respect, and the FLSA Collective has no way of knowing about this action without the benefit of notice.

The Vendors suggest that equitable tolling requires an inquiry into each opt-in plaintiff's level of diligence. *See* Defs. Br. at 28-29. This is both impractical and impossible. As the *Kassman* court explained in rejecting this precise argument as the absurdity that it is:

> Defendant argues that an individual inquiry must be made of each of the over 1,000 opt-in plaintiffs who, without equitable tolling, have time barred claims. That argument is misplaced in this case. The record already shows that the delay here was caused by circumstances outside the control of the opt-in plaintiffs, and was not caused by their lack of diligence. A further inquiry would be pointless.

2015 WL 5178400, at *6.

Given the size of the FLSA Collective, assessing each opt-in plaintiff's diligence would be a pointless drain on resources. Moreover, as in *Kassman*, the opt-in plaintiffs who would benefit from tolling have no knowledge of this action, let alone the ability to prove their diligence.

## VI.     THE PROPOSED NOTICES AND METHODS OF NOTICE ARE APPROPRIATE

The Vendors oppose the content of Plaintiff's proposed notice, arguing that it should: (1) summarize the Vendors' positions on liability, including the issue of joint employment; and (2) notify the recipient that any collective action may later be decertified. *See* Defs. Br. at 29-30.[4] The Vendors' tactic here is obvious: to dissuade Officers from opting into the action.

The notice need not state Defendants' position on liability, as any such statement would inevitably be designed to discourage participation. *See Shajan*, 2010 WL 2218095, at *2

---

[4] The Vendors also claim that the notice fails to state the status of this action and the uncertainty of any outcome; however, in the next breath they acknowledge that this information is on the first page. *See* Defs. Br. at 30.

("[E]verything defendants propose to add to or strike from the notice is designed to discourage putative class members from participating."); *see also Zhirzhan v. AGL Indus., Inc.*, No. 14-cv-7567(JBW)(VVP), 2015 WL 13742429, at *7 (E.D.N.Y. Sept. 15, 2015) (denying request to amend notice to state that defendants "disagree that a collective action is warranted."). Should the Court disagree, Plaintiff is amenable to amending the notice to state, "Defendants deny any and all liability as to Plaintiff's claims." Any further statement is unnecessary.

The notice need not state the Vendors' position that they are not joint employers or that they may move to decertify—which the Vendors should file only if, after discovery, the motion has merit. *See, e.g., Hernandez v. City of N.Y.*, No. 16-cv-3445(RA), 2017 WL 2829816, at *8 (S.D.N.Y. June 29, 2017) ("It is not necessary . . . to include details regarding the City's contemplated actions [ ], such as its 'plans' to request decertification or dismissal . . . . Including such information in the Notice may well end in confusion[.]").

The Vendors also oppose Plaintiff's request to disseminate notice through means other than first class mail (*i.e.*, notice via text message, email, and workplace posting). The Vendors' arguments are analogous to the City's on this issue, and addressed in Plaintiff's reply memorandum of law filed in response to opposition by the City. *See* ECF No. 130. Plaintiff respectfully refers the Court to his other submission and incorporates the arguments therein by reference.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion for conditional certification and authorize that notice be disseminated to potential members of the FLSA Collective in accordance with 29 U.S.C. § 216(b), together with such further relief as the Court deems just and proper.

Dated: February 14, 2022
      New York, New York

**FARUQI & FARUQI, LLP**

By: */s/ Innessa M. Huot*
    Innessa Melamed Huot
    Alex J. Hartzband
    Taylor J. Crabill
    Camilo M. Burr

685 Third Avenue, 26th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
ihuot@faruqilaw.com
ahartzband@faruqilaw.com
tcrabill@faruqilaw.com
cburr@faruqilaw.com

*Attorneys for Plaintiff and*
*the Proposed FLSA Collective*