USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/19/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURBRAN PIERRE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, TD BANK N.A., DUANE READE INC., B & H PHOTO VIDEO PRO AUDIO LLC, BLOOMBERG L.P., WHOLE FOODS MARKET GROUP, INC., TRIHOP 14TH STREET LLC, and DOES NOS. 1-10,<br><br>Defendants. | Case No.: 1:20-cv-05116(ALC)(DCF) |

**AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

On October 25, 2021, Plaintiff Burbran Pierre ("Plaintiff"), with the consent of Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") (together, the "Parties"), filed his motion for preliminary approval of a settlement between the Parties. In doing so, the Parties requested certification of a Fed. R. Civ. P. 23 ("Rule 23") class action for settlement purposes only and sought approval of settlement on behalf of these putative class members ("Class Members"). The Court has considered the Parties' request for approval of a Rule 23 class pursuant to Rule 23(e) for settlement purposes only and the Settlement Agreement, filed in its final form on October 25, 2021, with its attached exhibits (ECF #98-1), and the Declaration of Innessa M. Huot ("Huot Decl."), filed on October 25, 2021 (ECF #98), and hereby finds and orders as follows:

I. **Preliminary Approval of Settlement**

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement and Release

("Settlement Agreement"), filed on October 25, 2021 (ECF #98-1).

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well versed in the prosecution of wage and hour class actions.

4. The Court grants the Parties' motion (ECF #96) for preliminary approval of the Settlement Agreement, Certification of the Settlement Class, Appointment of Class Counsel, and Approval of Plaintiff's Notice of Settlement and Claim Form.

## II. Conditional Certification of the Proposed Class for Settlement Purposes Only

5. Preliminary approval of the settlement, class certification for settlement purposes, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all class members are notified of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, a Rule 23 class consisting of all current and former Officers, Sergeants, and Lieutenants who provided services at any Whole Foods location in New York State at any time from July 3, 2014 through the date of this order through the Paid Detail Program.

7. The Court appoints, for settlement purposes only, Plaintiff Burbran Pierre to represent the Class and finds that Plaintiff meets all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

**III.    Appointment Plaintiff's Counsel as Class Counsel**

8. For settlement purposes only, the Court appoints the following firm as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g):

> Innessa M. Huot, Esq.
> Faruqi & Faruqi, LLP
> 685 Third Avenue, 26th Floor
> New York, NY 10017
> Telephone: (212) 9983-9330
> Facsimile: (212) 983-9331
> Email: ihuot@faruqilaw.com

9. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the Class's claims.

10. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

11. The work Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

**IV.    Notice**

12. The Court finds that the procedures for notifying the Rule 23 Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs mailing of the Settlement Notice in accordance with the Settlement Agreement.

13. The Court approves, as to form and content, the Settlement Notice and the Claim Form, attached to the Huot Decl. as Exhibit B.

14. The Proposed Notice satisfies Federal Rule Civil Procedure 23(c)(2)(B) and adequately describes what the case is about, the definition of the Class, options that Class Members

have, including participation in the Settlement, opting out and objecting, the release of claims, and how to obtain additional information. The proposed Settlement Notice also describes the terms of the Settlement, the potential payment of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

15.  The Settlement Administrator is authorized to mail those documents in substantially the form approved, after they are updated with the appropriate dates and deadlines consistent with the Settlement Agreement and this Order to the applicable Class Members as provided in the Settlement Agreement.

16.  Any written objection to the Settlement by a Class Member who has not opted-out must be received by the Settlement Administrator by the Bar Date and shall then be filed with this Court within three (3) days after the end of the Opt-Out Period.

## V. Class Action Settlement Procedure

17.  The Court hereby adopts the settlement approval process as set forth in the Settlement Agreement.

18.  The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

19.  The Court will conduct a telephonic Fairness Hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on **October 6, 2022**, at **2** ~~a.m.~~/p.m. for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement Agreement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and the Service Award to Plaintiff; and (d) entering Judgment, if appropriate. The Fairness Hearing may be continued without further notice to the Class Members. All Parties shall appear and should contact the Court

at 1-888-363-4749 (access code: 3768660). Plaintiff shall file his motion for final approval of the Settlement, and Class Counsel shall file their motion for attorneys' fees and litigation costs and expenses, and service award within sixty (60) days after the Bar Date.

20.  The following dates shall govern the schedule in this action:

| Date | Event |
|---|---|
| May 23, 2022 [three (3) days after Preliminary Approval Order is entered] | Defendant's Counsel will provide the Settlement Administrator with the Class List and Class Counsel with the Limited Class List. |
| June 2, 2022 [within ten (10) days after Preliminary Approval Order is entered] | Mailing of Class Notice. |
| July 18, 2022 [45 days after ~~the Bar Date~~ Mailing of Class Notice] [Bar Date | Section III.G.2 of Settlement Agreement and Release (ECF No. 98-1)] | Last day for Class Members to submit written objections to the Settlement. |
| July 18, 2022 [~~45 days after the~~ Bar Date] | Last day for Class Members to qualify as Authorized Claimants by filing claim forms to join the Settlement. |
| August 1, 2022 [~~60 days after the Bar Date~~] [15 Days after Bar Date | Section III.G.2 of Settlement Agreement and Release (ECF No. 98-1)] | Last day for Class Members, who did not timely receive the Settlement Notice or were unable to file the Claim Form within 45 days due to extraordinary circumstances, to qualify as Authorized Claimants by filing claim forms to join the Settlement. |
| September 13, 2022 [60 days after the Bar Date] | Last day for filing and service of papers in support of final settlement approval with the Court. |
| October 6, 2022 [80 days after the Bar Date] | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated:  May 19, 2022

_/s/ Andrew L. Carter_
Honorable Andrew L. Carter, Jr.

5