UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BURBRAN PIERRE, *on behalf of himself
and others similarly situated*,

                Plaintiff,                            **OPINION AND ORDER**

    -against-                                         1:20-cv-05116 (ALC) (VF)

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, TD BANK N.A.,
DUANE READE INC., B&H PHOTO VIDEO
PRO AUDIO LLC, BLOOMBERG L.P.,
WHOLE FOODS MARKET GROUP, INC.,
TRIHOP 14TH STREET LLC, and
DOES NOS. 1-10,

                Defendants.
----------------------------------------------------------X

VALERIE FIGUEREDO, United States Magistrate Judge

      On June 16, 2022, Duane Reade Inc., B&H Photo Video Pro Audio LLC ("B&H"), and Bloomberg L.P. (collectively, the "Vendor Defendants"), as well as the City of New York and the New York City Police Department ("NYPD," and together with the Vendor Defendants, collectively "Defendants") filed a letter motion requesting an additional eight hours to complete Plaintiff Burbran Pierre's deposition.[1] See ECF No. 147. Plaintiff opposed Defendants' request for more time, arguing that Defendants should only be afforded one additional hour of time. See ECF No. 149 at 2. On June 28, 2022, the Court heard argument on the motion.[2] See ECF No. 153

---

[1] Defendants Whole Foods Market Group, Inc. and TD Bank N.A. did not join in the letter motion.

[2] At that time, Whole Foods and TD Bank represented that each had separately reached an agreement with Plaintiff to settle the claims in the Complaint. See Tr. at 29-30.

1

("Tr."). For the reasons discussed below, Defendants' motion to extend the length of Plaintiff's deposition is GRANTED, but Defendants may have only four additional hours.

## DISCUSSION

The Court presumes familiarity with the facts and thus does not elaborate on the factual allegations in this case.[3] On behalf of himself and others similarly situated, Plaintiff, a NYPD officer, asserts claims under the Fair Labor Standards Act ("FLSA"), 21 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and the Freelance Isn't Free Act ("FIFA"), N.Y.C. Admin. Code §§ 20-927 *et seq.*, stemming from his participation in the NYPD's Paid Detail Program ("PDP"). As part of the PDP program, Plaintiff performed off-duty, uniformed security work for hourly pay for the Vendor Defendants, beginning in March 2012. Plaintiff also asserts a retaliation claim against the NYPD, alleging that the NYPD terminated his eligibility to participate in the program after he complained that his earned wages were being improperly withheld.

Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and attorneys at depositions. Rule 30(d)(2) provides that, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day or seven hours." Fed. R. Civ. P. 30(d)(2). Nevertheless, a Court "must allow additional time, consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1); see also Fed. R. Civ. P. 26(b)(2)(A) (authorizing a court to alter the length of depositions). "A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." Robinson v. De Niro, No. 19-CV-9156

---

[3] A recitation of the facts alleged in the Complaint may be found in the Opinion & Order of the Honorable Andrew L. Carter on Defendants' motion to dismiss. See ECF No. 72.

(KHP), 2022 WL 274677, at *2 (S.D.N.Y. Jan. 26, 2022). "In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged." Id. Whether good cause exists to extend a deposition beyond the presumptive time limit of seven hours is a fact-specific determination. Margel v. E.G.L. Gem Lab Ltd., No. 04-CV-1514(PAC) (HBP), 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008). "A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case." Arista Records LLC v. Lime Group LLC, No. 06-CV-5936 (GEL), 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008).

Defendants request an additional eight hours of deposition time, for a total of 15 hours, allocated as follows: three hours of common questions asked by one representative for Defendants and three hours of questioning for each of the four Defendants (the City, Duane Reade, B&H, and Bloomberg). See ECF No. 147 at 1-2. According to Defendants, this is a multi-defendant case where each defendant is alleged to have been a "joint employer" of Plaintiff under the FLSA and NYLL. See Tr. at 6-7. The Vendor Defendants argue that they are "completely unrelated entities" with "significant differences" in policies and procedures, and no "common practice" concerning their use of NYPD officers provided through the PDP program or their payment to those officers for work performed during a PDP shift. Id. at 8, 10, 12, 14-15, 20.

As it relates specifically to Duane Reade, Plaintiff worked 27 PDP shifts at nine Duane Reade locations. Id. at 11. Among the different Duane Reade stores, there are "no common policies" or "practices" and there is no overlap in staff. Id. at 8, 12. Duane Reade will be attempting to elicit testimony from Plaintiff to support its defense that the factors necessary to show the existence of a joint-employment relationship were not present, and thus Duane Reade will have to question Plaintiff about the details of his experience during each of his work shifts

3

and about his interactions and communications with staff at Duane Reade during those shifts. Id. at 15-18. B&H and Bloomberg will also have to question Plaintiff about the nature of his work at their respective businesses, but Plaintiff only worked one shift for each of those defendants. Id. at 25, 27.

Moreover, the City argues that it has to question Plaintiff about his participation in the PDP program, which dates back to 2012. Id. at 19. In that regard, the City points out that the complaint contains 74 paragraphs specific to the program. Id. And, Plaintiff has also brought a retaliation claim against the City, which the City argues will require questions about Plaintiff's employment history with the NYPD. Id. at 19-21.

Further, Plaintiff seeks to assert his claims against Defendants on a class basis. Defendants thus argue that the time allotted for common questions is necessary to assess whether Plaintiff is an appropriate class representative. Tr. at 20, 28-29, 31, 49. Additionally, the Vendor Defendants argue that the time for common questions is necessary to ask Plaintiff about the "policies and procedures" of the PDP program. Id. at 23. For example, the Vendor Defendants will question Plaintiff about whether the City required him to wear a uniform while working a PDP shift, whether the City required him to bring his gun to a PDP shift, whether the City mandated that he follow any specific procedures while working a PDP shift, and whether the City had any policies with regards to pay for the PDP program. Id. at 23-24. Such questions, the Vendor Defendants contend, are necessary to show that Plaintiff was an independent contractor, and not an employee, when he worked a PDP shift. Id. at 23.

Plaintiff opposes the request for more time, arguing that this is a "straightforward wage violations" case where there are "minimal documents to be examined" during a deposition. See ECF No. 149 at 1, 3; Tr. at 39. Plaintiff further argues that Defendants' request is premature, and

4

that Defendants cannot show good cause before even having attempted to take and complete Plaintiff's deposition in the seven hours allotted under Rule 30. See ECF No. 149 at 2-3; Tr. at 33-36.

As an initial matter, Plaintiff's argument that a party cannot show good cause for additional time before a deposition has been taken is meritless. Rule 30 conditions the grant of more time on a finding that the additional time is "needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). Nothing in the rule requires that a party seeking more time to examine a witness wait until after the deposition has been taken to make that request. To be sure, many of the cases relied on by Plaintiff arose in situations where the party seeking more time had already begun the witness's deposition and had exhausted the allotted seven hours. See, e.g., Robinson, 2022 WL 274677, at *3; Saeed v. Count of Nassau, No. 09-CV-3314 (DRH) (AKT), 2011 WL 6945755, at *1 (E.D.N.Y. May 23, 2011). But none of the decisions relied on by Plaintiff establish a bright-line rule that a party cannot show good cause to extend a deposition beyond seven hours before the deposition has begun. To the contrary, one of the cases relied on by Plaintiff (Tr. at 37-38) granted a request to extend a witness's deposition beyond seven hours even before the deposition had taken place. See Greater N.Y. Taxi Assoc. v. City of New York, 13-CV-3089 (VSB) (JCF), 2017 WL 4012051, at *8 (S.D.N.Y. Sept. 11, 2017).

Here, after due consideration of the parties' arguments, the Court concludes that Defendants have shown good cause to extend Plaintiff's deposition beyond seven hours. As is apparent from Judge Carter's decision on Defendants' motion to dismiss (see ECF No. 72 at 12-15), this is not a straightforward wage violation case, Plaintiff's argument to the contrary notwithstanding. Plaintiff is seeking to hold the Vendor Defendants liable under the FLSA and NYLL based on a theory that the Vendor Defendants were a joint employer during each of

Plaintiff's PDP shifts. To defend against those claims, the Vendor Defendants will each have to introduce evidence showing that the factors relevant to a joint-employment relationship—*i.e.*, lack of control and supervision, inability to hire and fire, inability to determine Plaintiff's pay—were not present when Plaintiff worked a PDP shift for any of the Vendor Defendants. As it pertains to Duane Reade, that will require counsel to question Plaintiff about the precise details of his work during 27 PDP shifts at 9 stores, where the policies of each store and the staff were all different.[4] And all of the Vendor Defendants are separate, independent businesses, with no common procedures as it pertains to their use of NYPD officers through the PDP program. Further, the City will need to question Plaintiff about his participation in the PDP program, which spans over 10 years and 63 PDP shifts, as well as about his employment for the NYPD to defend the retaliation claim. Moreover, all Defendants need time to question Plaintiff about his class allegations, to evaluate whether he can satisfy the standard for class certification. Even if this case may not concern many documents, as Plaintiff contends, the topics about which Defendants must question Plaintiff are numerous and merit additional time beyond seven hours.

However, B&H and Bloomberg have not adequately shown why each requires three hours of time to question Plaintiff. Unlike Duane Reade, Plaintiff worked only one PDP shift each for B&H and Bloomberg. Tr. at 25, 27. Although B&H and Bloomberg will have to inquire about various aspects of Plaintiff's work during his PDP shift at each business, the scope of the respective inquiries will necessarily be less far reaching than the scope of Duane Reade's and the

---

[4] According to Plaintiff's counsel, Plaintiff worked 23 PDP shifts for Duane Reade, not 27 shifts as represented by Duane Reade. Tr. at 36. But even if Plaintiff worked only 23 PDP shifts, that is still a significant number of shifts about which Duane Reade's counsel will have to question Plaintiff.

City's inquiries of Plaintiff. B&H and Bloomberg should thus be able to adequately question Plaintiff in significantly less time than the amount requested under Defendants' proposal.

## CONCLUSION

For the foregoing reasons, Defendants' motion to extend Plaintiff's deposition is GRANTED for an additional four hours.

DATED:   July 1, 2022
         New York, New York

                                            Respectfully submitted,

                                            _____
                                            VALERIE FIGUEREDO
                                            United States Magistrate Judge

cc: All Counsel of Record (via ECF)