FARUQI & FARUQI LLP

NEW YORK CALIFORNIA GEORGIA PENNSYLVANIA

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 10-21-2022

The Court received the Vendor Defendants' response (ECF No. 187). A telephonic conference is scheduled for November 2, 2022 at 3:00 p.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code [9781335]. The City Defendants should be prepared to address why there has been a delay in compiling these records and how much more time the City Defendants expect they will need.

**Innessa M. Huot**
ihuot@faruqilaw.com

**VIA ECF**

The Honorable Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007

Re: *Pierre v. City of New York, et al.*, No. 1:20-cv-05116-ALC-VF

Dear Judge Figueredo:

We represent Plaintiffs in the above-referenced action and write to request that the Court toll the statute of limitations for the members of the conditionally certified FLSA Collective ("FLSA Collective") for claims asserted against the Duane Reade Inc., B & H Photo Video Pro Audio LLC, Trihop 14th Street LLC, and Bloomberg L.P. (collectively, the "Vendor Defendants").

On September 27, 2022, the Court granted Plaintiff's motion for collective certification and tolled the statute of limitations for the FLSA Collective from November 2, 2021 (the date that Plaintiff filed the motion) to September 27, 2022. ECF No. 184 at 19-21. The Court ordered the City Defendants[1] to provide the names, last known addresses, personal email addresses, and dates of employment of the FLSA Collective so that notices of pendency can be issued to apprise these individuals of the lawsuit and their right to join the case and stop the daily expiration of their FLSA claims. *Id.* However, the City Defendants advised that they need additional time to compile the records ordered by the Court. To this day, City Defendants are still working to compile the records and advised that they still need more time.

Because the statute of limitations continues to run with each passing day, the City Defendants entered into a Tolling Agreement with Plaintiff to toll the statute of limitations for the FLSA Collective from September 26, 2022 until the date that they are able to provide Plaintiff with the information ordered by the Court. *See* Exhibit A, Tolling Agreement. However, the Vendor Defendants have refused to enter into such an agreement. As such, claims against the Vendors Defendants continue to run and Plaintiff is unable to do anything to prevent the daily expiration of these claims for the FLSA Collective.

Extraordinary circumstances stemming from Defendants' need for additional time and their delay in providing the requisite records to Plaintiff justifies the tolling of the statute of limitations. *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011). Indeed, despite Plaintiff's diligence, he is unable to notify the FLSA Collective of

[1] City of New York and the New York City Police Department (collectively, the "City Defendants")

the pendency of this lawsuit and afford them an opportunity to stem the daily expiration of their claims. As such, Plaintiff respectfully requests that the Court toll the statute of limitations as against the Vendor Defendants to prevent the FLSA Collective from being prejudiced from this delay.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot

# EXHIBIT A

# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made by and between, Burbran Pierre ("Plaintiff"), on behalf of himself and the putative members of the conditionally certified FLSA Collective ("FLSA Collective"), and City of New York and the New York City Police Department ("NYPD") hereinafter, "City Defendants") (collectively, the "Parties" and each individually a "Party").

## I. RECITALS

**WHEREAS**, Plaintiff alleges claims against City Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") (the "Claims");

**WHEREAS**, on September 26, 2022, the Honorable Valerie Figueredo granted Plaintiff's motion conditionally certifying the action as a collective action and equitably tolling the statute of limitations for the FLSA Collective's Claims from November 2, 2021 to September 26, 2022 (the "Order");

**WHEREAS**, in the Order, the Honorable Valerie Figueredo directed City Defendants to provide Plaintiff with the names, last known addresses, personal email addresses, and dates of employment of the FLSA Collective so that Plaintiff can disseminate notices of pendency and provide such individuals with an opportunity to join the case and toll the statute of limitations as to their Claims;

**WHEREAS**, City Defendants require additional time to compile the requisite records and produce them to Plaintiff in accordance with the Court's Order;

**NOW, THEREFORE**, the Parties agree as follows:

## II. TERMS

**A.** The running of any statute of limitations and any other period relating to the timely assertion of the Claims by the FLSA Collective shall be tolled during the period from September 26, 2022 through the date on which City Defendants provide Plaintiff with the names, last known addresses, personal email addresses, and dates of employment of the FLSA Collective (the "Distribution Date").

**B.** With respect to the Claims, City Defendants hereby waive, extend, and agree not to assert any defense as to statutes of limitation or any other defense relating to the passage of time from September 26, 2022 through the Distribution Date.

**C.** This Agreement may not be modified, amended, or waived except in a writing signed by the respective Parties hereto or their counsel.

**D.** Nothing contained herein shall be construed as an admission or acknowledgement that the Claims have any validity or merit.

**E.** This Agreement shall be governed by the laws of the State of New York.

**F.** This Agreement may be executed in counterparts and via facsimile or electronic means, all of which shall have full force and effect.

**G.** This Agreement shall be binding upon and inure to the benefit of the Parties, their predecessors, successors, and assigns, if any.

**H.** As counsel for the respective Parties, each of the individuals signing this Agreement represents and warrants that he or she has full power and authority to bind the Parties identified below the individual's signature.

Dated: October 18, 2022

**FARUQI & FARUQI, LLP**

By: */s/Innessa Melamed Huot*
Innessa Melamed Huot
Alex J. Hartzband
Camilo M. Burr

685 Third Avenue, 26th Floor
New York, NY 10017
Tel: 212-983-9330
ihuot@faruqilaw.com
ahartzband@faruqilaw.com
cburr@faruqilaw.com

*Attorneys for Plaintiff, the FLSA Collective, and the proposed Class*

**CORPORATION COUNSEL OF THE CITY OF NEW YORK**

By: Andrea O'Connor
Andrea O'Connor

100 Church Street
New York, NY 10007
Tel: (212) 676-2750
aoconnor@law.nyc.gov

*Attorneys for City of New York and New York City Police Department*