F&F LLP
FARUQI & FARUQI

NEW YORK CALIFORNIA

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge

Dated:12-6-2022

Defendants are directed to file their response to Plaintiffs' letter (ECF No. 205) by Friday, December 9, 2022.

**VIA ECF**

The Honorable Valerie Figueredo
U.S. District Court, Southern District of New York

Re: *Pierre v. City of New York, et al.*, No. 1:20-cv-05116-ALC-VF

Dear Judge Figueredo:

We represent Plaintiff Burbran Pierre and the 388 Officers (together, "Plaintiffs") who have opted into this case as of the filing of this letter and respectfully request a protective order pursuant to FRCP 26(c)(1) with respect to opt-in depositions.

For months now, Plaintiffs urged Defendants to meet and confer to come to an agreement on the scope and procedures for representative discovery of the opt-ins. Defendants declined to engage in such conversations until ***after*** the close of the opt-in period. At first blush, this position makes sense as the parties are unaware of the scope of the collective until after the opt-in period expires – January 27, 2023. As such, Plaintiffs held the corresponding position that opt-in discovery should likewise take place ***after*** the close of the opt-in period, so the parties could first negotiate the procedures, parameters, and limitations for such opt-in discovery.

However, without first meeting and conferring with Plaintiffs, Defendants chose to raise this issue with the Court at the November 2, 2022 hearing on an unrelated motion. Defendants argued that they want to proceed with deposing 9 of their unilaterally selected opt-ins immediately. With the assistance of the Court, the parties came to an agreement to proceed with these depositions under the condition that they are part of any representative sampling Defendants will undertake. Duane Reade's counsel even interrupted undersign counsel to reiterate twice: "We're fine with that, Your Honor." Based on the parties' agreement to treat these opt-ins as part of a representative sampling, and in accordance with extensive law, Plaintiffs proceeded in good faith to schedule 2.5-hour opt-in depositions to take place on: Dec. 6th, 9th, 14th, 20th, 29th, Jan. 6th, 10th, 16th, and 24th.

However, in direct contravention of the parties' agreement, Defendants advised that they intend to treat these opt-ins differently and subject them to full-day, 7-hour depositions. Defendants' position is not supported by controlling law for representative opt-in discovery. While FRCP 30(d)(1) provides that "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours," this does not apply to representative discovery. Indeed, "Courts have 'broad discretion to limit discovery,' particularly where, as here, the plaintiffs bring representative claims on behalf of numerous individuals." *Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740(AT)(GWG), 2016 WL 3221146, at *5 (S.D.N.Y. June 7, 2016) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 190 (S.D.N.Y. 2014) (collecting cases)).

This case will likely have thousands of opt-ins and Defendants will presumably seek additional depositions beyond these 9 opt-ins. Based on the anticipated volume of opt-in depositions, a 2.5-hour limitation is consistent with applicable law and is necessary to avoid excessive burden, harassment, duplication, and cumulative discovery. *See Flood,* 2016 WL 3221146, at *6 (Judge Torres limits opt-in depositions to 2.5 hours each); *Mikityuk v. Cision US Inc.*, No. 21-CV-510 (LJL), 2021 WL 5449606, at *4 (S.D.N.Y. Nov. 22, 2021) (Judge Liman limits opt-in depositions to 3 hours); *see also Kutzback v. LMS Intellibound, LLC*, No. 2:13-CV-02767-JTF-CGC, 2018 WL 10579988 (W.D. Tenn. Oct. 23, 2018) (opt-in depositions limited to 1.5 hours); *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL



7027504 (M.D. Tenn. Nov. 30, 2020) (opt-in depositions limited to 2 hours); *Spellman v. Am. Eagle Express, Inc.,* No. 10-CV-1764, 2011 WL 12855818, at *1 (E.D. Pa. Nov. 30, 2011) (opt-in depositions limited to 3 hours); *Johnston v. Titan Logistics & Res., LLC*, No. 2:17-CV-1617-NBF, 2020 WL 12631849, at *9 (W.D. Pa. Dec. 7, 2020) (Judge assessed the small number of opt-ins (63) and held that a 4 hour deposition limit was appropriate considering the overall hours of testimony that will be taken from the opt-ins).[1] These opt-ins should not be punished or prejudiced from Defendants' prerogative to rush and take these depositions before knowing the full scope of the collective or assessing their discovery needs.

Moreover, Defendants' contention that full-day depositions are needed because each opt-in will need to be "questioned by no less than four separate attorneys representing four different defendants" is facially inaccurate. Ex. A, Emails at Nov. 16, 2022, ¶ 2. Based on Defendants' chart and their declarations, the majority of the 9 opt-ins worked only 1-2 shifts for only *some* of the Defendants. Most of them worked for only Duane Reade and ***no other vendor***. For example:

- Angel Rivera, Wendy Earls, Ryan Loomis, James Nonnon, Carlos Guadalupe, and Steven Singh worked only for Duane Reade and no other relevant vendor.
- Vaval never worked for B&H and worked only 2 shifts for Bloomberg and 1 for Duane Reade.
- Jean-Francois Pierre did not work for B&H and worked only 1 shift for Bloomberg.
- Loomis worked only 6 shifts for Duane Reade and none for Bloomberg or B&H.
- Martinez worked only 2 shifts for Bloomberg and 7 for Duane Reade.[2]
- Nonnon worked only 4 shifts for Duane Reade and none for Bloomberg or B&H.
- Rosario worked only 2 shifts for B&H and 1 for Duane Reade.

*See* Defendants' Summary Chart at ECF No. 127-1 at l; *see also* Declarations from Duane Reade at ECF No. 127-4 at 2; Bloomberg at ECF No.127-5 at 9; and B&H at ECF No. 127-10 at 2-3.

This Court previously ruled that 1-hour of questioning per Defendant was sufficient to question the Named Plaintiff as to his experience working just a handful of shifts at Bloomberg and B&H. *See* Ex. B, Transcript excerpt; ECF No. 155 at 6. The Court also noted that such time was needed for Defendants to question the Named Plaintiff about his class allegations and "to evaluate whether he can satisfy the standard for class certification." ECF No. 155 at 6. These opt-ins are not named plaintiffs and require far less questioning as they are not seeking to represent any class of individuals. They are merely opt-ins who worked a handful of shifts and not even with all the Defendants. As such, there is no need for them to be questioned by 4 attorneys from 4 Defendants for 7 hours. The standard opt-in deposition time of 2.5 hours is sufficient for these opt-ins to provide testimony about their experiences working their handful of shifts for Defendants. *See Flood,* 2016 WL 3221146, at *6 (Torres, J.) (2.5-hour depositions are sufficient for opt-ins).

Additionally, the monumental waste of time caused by Duane Reade during Named Plaintiff's deposition is overwhelming evidence that opt-in depositions must be limited. Rather than simply showing Mr. Pierre his timecards, which specifically itemize the dates, store locations, and manager names for all of his 23 shifts, Duane Reade subjected Mr. Pierre to an absurd memory test, that served no purpose other than to harass, needlessly compound discovery, and waste

[1] Defendants' reliance on *Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) is misplaced. There, the court allowed 7-hour depositions because plaintiffs failed to offer a rationale to limit the testimony. More importantly, the court explained that the number of opt-ins was relatively small (only 100), so 7-hour depositions was not unreasonable. This case already involves almost 400 opt-ins and will likely include thousands before the close of the opt-in period. Moreover, Plaintiffs provided compelling rationale for why full-day depositions are patently unreasonable.

[2] Martinez also worked 2 shifts at B&H but that is not referenced in Defendants' chart or declarations.

everyone's time. *See* Ex. C, Deposition transcript excerpts. Indeed, Duane Reade spent hours requesting that Mr. Pierre somehow recall the names of the managers that signed those cards from 5 years ago. Likewise, Duane Reade spent hours asking Mr. Pierre to recite the addresses of the different stores he worked at. Even after Mr. Pierre repeatedly testified that he could not recall names or addresses off the top of his head, Duane Reade's counsel refused to show him the cards, simply stating she did not want to. *Id.* As stated on the record, rather than spending an exorbitant amount of time conducting a needless memory test, Duane Reade should have just permitted Mr. Pierre to see his timecards which contain all of the information Defendants quizzed him about. *Id.* Duane Reade's counsel also spent considerable time asking Mr. Pierre a question, then cutting him off before he could answer, then asking the same question again, and further arguing with Mr. Pierre (and counsel) as to why he did not answer the question before getting interrupted. *Id.* The opt-ins should not be subjected to such harassment and time-wasting discovery tactics.

Finally, Defendants unpersuasively argue that these opt-ins should be treated differently because they opted into the case before it was certified, thereby "unilaterally inserting themselves into the case," and also submitted declarations in support of Plaintiff's motion for collective certification. Ex. A, Emails at Nov. 29, 2022, ¶ 4(a). However, ***all*** individuals who opt into a case do so by "unilaterally" and voluntarily inserting themselves into said case. These 9 opt-ins are no different than the 388 others who likewise "unilaterally" inserted themselves into this same case by signing the same consent to join forms. The fact that the 9 opt-ins joined the case before it was certified is of no moment. This is a publicly filed lawsuit which is literally the ***first*** result that comes up on a Google search for either "Paid Detail lawsuit," "Burbran lawsuit" or any variations of the terms "NYPD," "Paid Detail," "Pierre," and "Lawsuit." This lawsuit is indeed public knowledge. *See Granchelli v. P & A Ints., Ltd.*, No. Civ.A. H-11-4514, 2013 WL 435942, at *2 (S.D. Tex. Feb. 4, 2013) ("Individuals who already know about the suit and want to join as plaintiffs need not wait until certification and notice to do so."); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) ("nothing in the text of the [FLSA] prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice … has not been sent"); *Mickles, et al. v. Country Club Inc.*, 887 F.3d 1270, 1277-78 (11th Cir. 2018) (An order certifying a collective does nothing to affect the status or treatment of an individual who submitted a consent to join form prior to the order.). Thus, there is no legal distinction between opt-ins who joined the case before or after it was certified as a collective.

The fact that these opt-ins already submitted sworn testimony in the form of declarations, further bolsters the point that full-day depositions are duplicative, cumulative, and unduly burdensome as this same testimony has already been provided. *Scott*, 300 F.R.D. at 190 (limiting opt-in discovery and noting that "the Court has broad discretion to limit discovery, particularly when such discovery may be duplicative, more readily obtained from another source, or when the burden or expense outweighs the benefits of the discovery."); *Flood,* 2016 WL 3221146, at *5 (limiting opt-in discovery, especially when it is "likely to produce duplicative information.").

Indeed, at the parties' meet and confer, Defendants acknowledged that surely, they "may not need the full 7 hours of testimony" they are requesting, and "may not go the full time especially for those who did not work for all the vendors, as Defendants will not need to ask them so many questions." However, Defendants now refuse to proceed with the 2.5-hour depositions, or any depositions shorter than 7 hours.[3]

[3] As advised to Defendants, should the Court find that full-day depositions are appropriate for these opt-ins, Plaintiffs will provide alternate dates based on availability for full-day rather than half-day depositions.



Hon. Judge Valerie Figueredo
December 5, 2022
Page 4

As such, Plaintiffs respectfully request an Order limiting opt-in depositions to 2.5 hours.

Respectfully submitted,

Innessa M. Huot

685 Third Avenue New York, NY 10017 Phone: 212.983.9330 Fax: 212.983.9331 EmployeeRightsCounsel.com FaruqiLaw.com