UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BURBRAN PIERRE,

                                    Plaintiff,                          20-CV-5116 (ALC) (VF)

                    -against-                                          **ORDER**

CITY OF NEW YORK, et al,

                                    Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 2, 2023, Defendant Bloomberg L.P. ("Bloomberg") submitted a letter motion to

seal (ECF No. 326) in connection with its Opposition to Plaintiff's Motion for Leave to File an

Amended Complaint (ECF No. 327). Specifically, the letter seeks to file under seal Exhibit C

appended to Bloomberg's Opposition to Plaintiff's Motion for Leave to File an Amended

Complaint. (ECF No. 328-3)

The common law and the First Amendment accord a presumption of public access to

judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). A

"judicial document" is "a filed item that is 'relevant to the performance of the judicial function

and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,

814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119). To overcome the

presumption of public access over a judicial document, the court must make "specific, on the

record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly

tailored to serve that interest." Lugosch, 435 F.3d at 120 (citation omitted). And while the

presumption of public access in filings submitted in connection with discovery disputes is

generally somewhat lower, this is not the case for material introduced at trial, or in connection

with dispositive motions such as summary judgment, as is the case here. See Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019).

Here, Bloomberg's letter motion to seal was filed in connection with its opposition to Plaintiff's motion for leave to file an amended complaint. However, sealing is only appropriate if the Court can articulate specific and substantial reasons for sealing such material, and if the Court finds that the sealing is narrowly tailored. Brown, 929 F.3d at 50; Lugosch, 435 F.3d at 119-20. For instance, courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

Bloomberg asserts that this request to seal should be granted because the filing contains certain documents which Bloomberg has designated "Confidential." ECF No. 326 (letter motion to seal). However, "broad citations to [a] Protective Order do not satisfy Lugosch and are, in any event, insufficient to overcome the presumption of access as the 'mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.'" Tromblee v. New York, No. 19-CV-00638 (BKS) (CFH), 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (quoting Lugosch, 435 F.3d at 126) (alteration in original); see also Doe v. U.S. Immigr. & Customs Enf't, No. 19-CV-8892, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.") (citation and internal quotation marks omitted). Armouth has "not

addressed the weight of the presumption or identified reasons that weigh against disclosure—other than in the most cursory fashion with citation to the Protective Order, which is insufficient to justify sealing." Tromblee, 2022 WL 17266979, at *4.

Based on the standard set forth by the Second Circuit in Lugosch, Armouth's letter motion to seal is **DENIED without prejudice**. Bloomberg is permitted to submit a renewed letter motion to seal/redact, articulating specifically why sealing is appropriate under the Lugosch standard. Any such letter motion should be submitted by **Tuesday, June 13, 2023**. The Clerk of Court is directed to maintain ECF No. 328-3 under seal pending submission of a renewed motion. The Clerk of Court is directed to terminate the motion at ECF No. 326.

**SO ORDERED.**

DATED:     New York, New York
           June 6, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge