UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURBRAN PIERRE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, TD BANK N.A., DUANE READE INC., B & H PHOTO VIDEO PRO AUDIO LLC, BLOOMBERG L.P., TRIHOP 14TH STREET LLC, DOES NOS. 1-10, SILVERSEAL CORPORATION d/b/a S.E.A.L. SECURITY LLC, and GARDAWORLD SECURITY CORPORATION d/b/a GARDWORLD,<br><br>Defendants. | Case No.: 1:20-cv-05116 (ALC)(VF) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On September 16, 2024, Plaintiff Burbran Pierre ("Plaintiff"), with the consent of Defendants Duane Reade Inc., ("Duane Reade"), the New York City Police Department ("NYPD"), and the City of New York (together with the NYPD, referred to as the "City Defendants")[1] (together with Plaintiff, the "Parties"), filed his motion for preliminary approval of a settlement between the Parties. In doing so, the Parties requested certification of a Fed. R. Civ. P. 23 ("Rule 23") class action and final certification of the FLSA collective action, for settlement purposes only, and sought approval of a settlement on behalf of these putative class members (the "Class" and "Class Members"). The Court has considered the Parties' request for approval of a Rule 23 class pursuant to Rule 23(e) and collective certification for settlement purposes only, and

---

[1] Duane Reade and the City Defendants are together referred to as "Defendants."

the Settlement Agreement, filed in its final form on September 16, 2024, with its attached exhibits (ECF No. 488-1), and the Declaration of Innessa M. Huot ("Huot Decl."), filed on September 16, 2024 (ECF No. 488), and hereby finds and orders as follows:

## I.   Preliminary Approval of Settlement

1.   Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement and Release ("Settlement Agreement"), filed on September 16, 2024 (ECF No. 488-1).

2.   The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class is appropriate.

3.   The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well versed in the prosecution of wage and hour class actions.

4.   The Court grants the Parties' motion for preliminary approval of the Settlement Agreement, Certification of the Settlement Class, Appointment of Class Counsel, and Approval of Plaintiff's Notices of Settlement and Claim Forms.

## II.   Certification of the Proposed Class and Collective for Settlement Purposes Only

5.   Preliminary approval of the Settlement, class and collective certification for settlement purposes, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all Class Members are notified of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing.

6.   Pursuant to Fed. R. Civ. Rule 23(e), the Court certifies, for settlement purposes only, a Rule 23 class consisting of all current and former NYPD Officers, Detectives, Sergeants,

and Lieutenants who provided services at any Duane Reade location in New York State, through the Paid Detail Program, at any time from July 3, 2014 through the date of this Order.

7. For settlement purposes only, the Court also grants final certification of the FLSA collective action consisting of all current and former NYPD Officers, Detectives, Sergeants, and Lieutenants who provided services at any Duane Reade location in New York State, through the Paid Detail Program, at any time from July 3, 2017 through the date of this Order.

8. The Court appoints, for settlement purposes only, Plaintiff Burbran Pierre to represent the Class and finds that Plaintiff meets all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

### III.   Appointment of Plaintiff's Counsel as Class Counsel

9. For settlement purposes only, the Court appoints the following firm as Class Counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g):

> Innessa M. Huot, Esq.
> FARUQI & FARUQI, LLP
> 685 Third Avenue, 26th Floor
> New York, NY 10017
> Telephone: (212) 983-9330
> Facsimile: (212) 983-9331
> Email: ihuot@faruqilaw.com

10. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the Class's claims.

11. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

12. The work Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

### IV.     Notice

13. The Court finds that the procedures for notifying the Rule 23 Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs mailing of the Settlement Notices and Claim Forms in accordance with the Settlement Agreement.

14. The Court approves, as to form and content, the Settlement Notices and the Claim Forms, attached to the Huot Decl. as Exhibits 2 and 3.

15. The Proposed Notices satisfy Federal Rule Civil Procedure 23(c)(2)(B) and adequately describe what the case is about, the definition of the Class, options that Class Members have, including participation in the Settlement, opting out and objecting, the release of claims, and how to obtain additional information. The proposed Settlement Notices also describe the terms of the Settlement, the potential payment of attorneys' fees and costs as well as the service awards, and provide specific information regarding the date, time, and place of the final approval hearing.

16. The Settlement Administrator is authorized to mail the Settlement Notices and Claim Forms in the form approved, after they are updated with the appropriate dates, deadlines, and amounts, consistent with the Settlement Agreement and this Order, to the applicable Class Members as provided in the Settlement Agreement.

17. Any written objection to the Settlement by a Class Member who has not opted-out must be received by the Settlement Administrator by the Bar Date and shall then be filed with this Court within three (3) days after the end of the Opt-Out Period.

### V.     Class Action Settlement Procedure

18. The Court hereby adopts the settlement approval process as set forth in the Settlement Agreement.

19. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

20. The Court will conduct a Fairness Hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on October 28, 2025, at 11 a.m., at 1-855-244-8681 (access code: 2305 370 0226#)., for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement Agreement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and the Service Awards to Service Award Recipients; and (d) entering Judgment, if appropriate. The Fairness Hearing may be continued without further notice to the Class Members. Plaintiff shall file his motion for final approval of the Settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards within 150 days of the date of this Order.

21. The following dates shall govern the remaining schedule in this action:

| | |
|---|---|
| Within thirty (30) days after Preliminary Approval Order is entered | City Defendants will provide the Class List to the Settlement Administrator and Class Counsel. |
| Within sixty (60) days after Preliminary Approval Order is entered | Mailing of Settlement Notices and Claim Forms. |
| Sixty (60) days after the Mailing of Settlement Notices and Claim Forms | Last day for Class Members to submit written objections to the Settlement. |
| Sixty (60) days after the Mailing of Settlement Notices and Claim Forms | Last day for Class Members to qualify as Authorized Claimants by filing Claim Forms to join the Settlement. |
| Seventy-five (75) days after the Mailing of Settlement Notices and Claim Forms | Last day for Class Members, who did not timely receive the Settlement Notice or were |

|  | unable to file the Claim Form within 60 days due to extraordinary circumstances, to qualify as Authorized Claimants by filing Claim Forms to join the Settlement. |
|---|---|
| One-hundred and fifty (150) days after the Preliminary Approval Order is entered] | Last day for filing of papers in support of final settlement approval with the Court. |
| October 28, 2025 at 11 a.m. | Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: May 15, 2025
New York, NY

_____
Honorable Andrew L. Carter, Jr.

6